IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOISEBOT, LLC,<br><br>                    Plaintiff,<br>v.<br><br>CHRISTOPHER GORDON,<br><br>                    Defendant. | Case No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>*Electronically filed* |

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Plaintiff NoiseBot, LLC, by and through its undersigned counsel, seeks a declaration of noninfringement pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and alleges, as follows:

**NATURE OF ACTION**

1. This is a civil action seeking declaratory, injunctive, and other relief, including attorneys' fees, costs, and expenses, against Defendant for its acts of threatening suit for alleged infringement, dilution, and unfair competition under federal and state law with respect to four of Defendant's federal trademark registrations. This action also seeks cancellation of those registrations, and/or a declaratory judgment that the Plaintiff does not infringe any valid trademark owned by the Defendant and/or that the Defendant has not suffered any damages by Plaintiff's conduct.

**THE PARTIES, JURISDICTION AND VENUE**

2. Plaintiff NoiseBot, LLC is a Pennsylvania Limited Liability Company, with its principal place of business in Lower Burrell, Pennsylvania.

3.      Under information and belief, Defendant Christopher Gordon is an individual residing in California.

4.      This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338, and 2201-02.

5.      This Court has personal jurisdiction over Defendant because Defendant's threats of suit occurred in this District. Additionally, under information and belief, personal jurisdiction is proper because Defendant sells, offers for sale and/or advertises goods to customers in this District by way of, at the very least, an interactive website that is publically available for use in this District. That website is available at www.randallshoneybadger.com.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTS COMMON TO ALL COUNTS

7.      "Honey badger don't care" is a meme, or humorous image or video that is used by numerous Internet users not limited to the Defendant.

8.      Under information and belief, numerous images and other memes from numerous individuals us the phrase "honey badger don't care", none of whom are affiliated with Defendant or have received his permission to use the phrase "honey badger don't care."

9.      Under information and belief, the proliferation of the "honey badger don't care" phrase is used by various Internet users without Defendant's permission or affiliation to this day.

10.     Under information and belief, the phase "honey badger don't care" is not an indicator of the source of any good or service.

11.     Plaintiff owns and operates a website, www.noisebot.com, that sells t-shirts, hooded sweatshirts, and tote bags that feature humorous slogans and images.

12. On June 30, 2014, Defendant sent a cease and desist letter to Plaintiff demanding that Plaintiff cease selling merchandise containing the phrase "honey badger don't care." *See* Ex. 1.

13. In this letter, Defendant asserted four federal trademark registrations – U.S. Trademark Reg. Nos. 4,505,781; 4,281,472; 4,419,081; and 4,419,079. *See* Exs. 2-5.

14. Plaintiff does not currently sell any merchandise bearing or referencing the phrase "honey badger don't care." Similarly, Plaintiff's website does not currently reference that phrase.

## COUNT I

### *Cancellation of Defendant's marks*

15. Plaintiff incorporates by reference all allegations of Paragraphs 1-14 as though fully set forth herein.

16. The marks asserted by Defendant have not been used by Defendant as a trademark on any apparel.

17. The asserted marks do not designate the source of any goods, and thus are confusing to the public.

18. Therefore, U.S. Trademark Reg. Nos. 4,505,781; 4,281,472; 4,419,081; and 4,419,079 should be cancelled.

## COUNT II

### *Unfair competition*

19. Plaintiff incorporated by reference all allegations of Paragraphs 1-18 as though fully set forth herein.

20. Defendant's asserted marks are invalid under the Lanham Act and common law.

21. Defendant's threatened assertion of those marks against Plaintiff is done with full knowledge of the invalidity and confusing nature of those marks, and thus is willful.

22. Plaintiff's use of the phrase "honey badger don't care" does not infringe any valid trademark owned by the Defendant.

23. Plaintiff's use of the phrase "honey badger don't care" does not convey a source of the goods to consumers.

24. As a result of Defendant's unlawful activities, Plaintiff continues to suffer irreparable damages and harm.

## COUNT III

### *Declaration of non-infringement*

25. Plaintiff incorporates by reference all allegations of Paragraphs 1-24 as though fully set forth herein.

26. The phrase "honey badger don't care" is not a famous indicator of the source of any goods or services.

27. There is no likelihood of confusion between Plaintiff's use of the phrase "honey badger don't care" and any valid trademark owned by Defendant.

28. Plaintiff has not used the phrase "honey badger don't care" as a designation of the source of goods or services.

29. Therefore, Plaintiff respectfully requests that this Court find that Plaintiff has not infringed and valid trademark owned by Defendant.

30. Accordingly, Plaintiff is entitled to declaratory judgment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter and Order:

1. Cancelling U.S. Trademark Reg. No. 4,505,781;

2. Cancelling U.S. Trademark Reg. No. 4,281,472;

3. Cancelling U.S. Trademark Reg. No. 4,419,081;

4. Cancelling U.S. Trademark Reg. No. 4,419,079;

5. Declaring that Plaintiff does not infringe Defendant's rights in any of the asserted marks under the Lanham Act or common law, or engage in unfair competition under federal or common law;

6. Declaring that Plaintiff does not dilute the asserted marks;

7. Enjoining defendant's unlawful activity;

8. Awarding Plaintiff the damages that it sustained as a result of Defendant's wrongful Acts;

9. Awarding Plaintiff its costs and attorney's fees pursuant; and

10. Granting Plaintiff any further relief that this Court deems to be just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of any and all issues triable thereby.

Respectfully submitted,

Dated: August 14, 2014

Thomas C. Wolski
PA ID No. 203072
David A. DuMont
PA ID No. 205858
The Webb Law Firm
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
twolski@webblaw.com
ddumont@webblaw.com

Counsel for Plaintiff